## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, | : | No. 3:07cv2138 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| NEW LIFE HOMECARE, GREGORY M. MALIA, ROGER DEATON, and DAWN LITCHEY, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court are plaintiffs' motions to remand the instant case. Having been fully briefed, the matter is ripe for disposition.

**Background**

The instant case arises out of a dispute over insurance coverage provided by plaintiff to the defendants. On October 23, 2007, the plaintiff filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania. (See Notice of Removal (Doc. 1)). The complaint alleges that defendants breached their insurance contract with the plaintiff by failing to coordinate benefits among the various health plans that covered them. Plaintiff seeks specific performance of the contractual requirement to coordinate benefits from the defendants and reimbursement of more than $3.6 million of benefits plaintiff contends were improperly extended.

On November 25, 2007, defendants NewLife Homecare and Gregory Malia

filed a notice of removal with this court. (Doc. 1). Plaintiff's attorney wrote the Clerk of Court on December 3, 2007 to request the court to authorize summons for Defendants Litchey and Deaton, who had not been served before the other defendants filed their notice of removal. (Doc. 2). On December 19, 2007, plaintiff filed a motion to remand the case to state court. (Doc. 4). Plaintiff claimed both that defendants' notice of removal was untimely and that no grounds for federal jurisdiction existed. On February 7, 2008, plaintiff filed proof of service with the court for defendants Litchey and Deaton. (Doc. 17). Plaintiff served Defendant Litchey on December 17, 2007 and Defendant Deaton on January 2, 2008. (Id.). Defendant Deaton filed a notice of removal on January 26, 2008. (Doc. 15). Defendants then filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 21, 2008. (Doc. 18). The next day, plaintiff filed a motion to remand the case against Defendants Litchey and Deaton to state court. (Docs. 20). The parties then briefed that second motion to remand, bringing the case to its present posture.

**Discussion**

Federal law provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The parties do not dispute that defendants NewLife and Malia filed their notice of removal more

2

than thirty days after they were served with a copy of the complaint. Defendants Malia and NewLife argue, however, that Federal Rule of Civil Procedure 6(a) extended their period for filing, because the thirtieth day of the filing period fell on the Friday after Thanksgiving, a date when courts in Luzerene County, Pennsylvania were closed.

The question in this case as it relates to Defendants Malia and NewLife, then, is whether the thirty-day limit on removal can be extended because that day follows an official court holiday. "Removal is a statutory right, and the procedures to effect removal must be followed." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). The Courts of Appeals that have addressed the issue here have held that the thrity-day time limit on removal should be strictly construed. See, e.g., Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 732 (5th Cir. 1996); Int'l Ass'n of Entrepreneurs v. Angoff, 58 F.3d 1266, 1270 (8th Cir. 1995); Lewis v. Louisville & N.R. Co., 758 F.2d 219 (7th Cir. 1985). Several Eastern District of Pennsylvania courts have also addressed this issue and each time the courts have held that the time limit is mandatory. In International Equity Corp. v Pepper & Tanner, Inc., the court held that:

> We are concerned only with the thirty-day limitation contained in § 1446(b). In contending that "this court should not liberally construe the State confession procedure," and in contending that "equity should be applied, the defendant completely overlooks the fact that the thirty-day requirement for filing of a removal petition is mandatory. We have no discretion. Putterman v. Daveler, 169 F. Supp. 125 (D. Del. 1958); Green v. Zuck, 133 F. Supp. 436 (S.D. N.Y. 1955); Maybruck v. Haim, 290 F.Supp. 721 (E.D. Pa. 1962); Wisseman v. La

3

>Chance, 209 F. Supp. 807 (E.D. N.C. 1962); Sunbeam Corp. v. Brazin, 138 F.Supp. 723 (E.D. Ky. 1956); Pottstown Daily News Publishing Co. v. Pottsdown Broadcasting Co., 247 F. Supp. 578, 583-84 (E.D. Pa. 1965); Adams v. Western Steel Bldgs., Inc., 296 F.Supp. 759, 761 (D. Colo. 1969); 1A Moore, Federal Practice, 1345 (1965).

International Equity Corp. v. Pepper & Tanner, Inc., 323 F.Supp. 1107, 1111 (E.D. Pa. 1971). Thus, the persuasive authority of the Eastern District of Pennsylvania and the above-mentioned Circuit Courts hold that the failure to file a notice of removal within thirty days is not an excusable error. The thirty-day period cannot be extended.

Here, defendants point to Federal Rule of Civil Procedure 6(a) to argue that the thirty-day period to file a petition for removal should be extended to include the Friday after Thanksgiving, thus giving defendants until Monday, November 26, 2007 to file their notice. Rule 6(a) provides that in calculating the time limits prescribed by a court "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." FED. R. CIV. P. 6(a). The rule defines a "legal holiday" as "New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held." Id. The parties agree that the day after Thanksgiving is not a federal holiday, but the defendant argues that since most counties in Pennsylvania close their courts on the day after Thanksgiving, that Friday is a holiday in

4

Pennsylvania.

Pennsylvania law creates legal holidays in the Commonwealth. State law establishes specific days and half-days as holidays, including "New Year's Day . . . Dr. Martin Luther King, Jr. Day . . . President's Day . . . Good Friday . . . Memorial Day . . . Flag Day . . . Independence Day . . . Labor Day . . . Columbus Day . . . Election Day . . . Veteran's Day . . . Thanksgiving Day . . . [and] Christmas Day." 44 PENN. STAT. ANN. § 11; see also 7 P.S. §113(a)(i-ix) (establishing as bank holidays "(i) New Year's Day (January 1); (i.R) Dr. Martin Luther King, Jr. Day (the third Monday in January); (ii) Memorial Day (the last Monday in May); (iii) Independence Day (July 4); (iv) Labor Day (the first Monday in September); (v) Thanksgiving Day (the fourth Thursday in November); (vi) Christmas Day (December 25); (vii) each Sunday, except for such activities or conduct of business at such locations as the bank may elect; (viii) each Monday following an Independence Day, a Christmas Day or New Year's Day which occurs on a Sunday; and (ix) each day specifically appointed by the President of the United States or the Governor of the Commonwealth as a legal holiday or as a bank holiday."). Pennsylvania law, therefore, does not establish the day after Thanksgiving as a state holiday. Accordingly, the day after Thanksgiving is included in the calculation of days in determining the deadline for filing of a notice of remand. The date by which defendants should have filed their notice was thirty days after the plaintiff filed its state-court complaint, or November 23, 2007. The first notice of removal was

therefore untimely filed.

Defendants argue that they can rescue federal jurisdiction for this action even if the initial notice of removal was untimely filed because Defendants Deaton and Litchey were not served with the complaint before the initial notice of removal and they filed notice of removal within the prescribed period. In general, "Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition." Lewis, 757 F.2d at 68. An exception exists, however, "when a non-resident defendant has not been served at the time the removing defendants filed their petition." Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995). In such cases, courts measure the time required for removal from the period when the final defendant has been served.

Roger Deaton does appear to have filed his notice of removal within the thirty-day time period. Deaton, however, was not the only defendant who had not been served when NewLife and Malia filed their initial notice of removal: Dawn Litchey had also not been served. Plaintiff filed proof of service for Defendant Litchey at the same time that it filed proof of service for Defendant Deaton. Dawn Litchey did not, however, join in the removal petition filed by Defendant Deaton. Under federal law, all defendants must join in a notice of removal for that removal to be effective. Chicago, R.I.P.R. Co. v. Martin, 178 U.S. 245, 248 (1900); Balazik, 44 F.3d at 213 (holding that "it is well established that removal generally requires unanimity among the defendants."); Lewis 757 F.2d at 68 (holding that Section 1446 has been

6

construed to require that when there is more than one defendant, all must join in the removal petition."). Plaintiff therefore argues that the failure to obtain Litchey's consent to the removal makes removal improper as to Deaton, and consequently improper for all the defendants.

Defendants contend that the court need not strictly enforce this requirement, since defense counsel represents both Defendant Litchey and Defendant Deaton and signed Defendant Deaton's notice of removal as counsel for defendants. The court, defendants argue, should therefore construe Defendant Deaton's notice of removal as one joined by Defendant Litchey.

As authority for this proposition, defendant points to Sovereign Bank v. Park Development West, LLC, No. 06-2603, 2006 WL 24334654 (E.D. Pa. 2006). In Sovereign Bank, the district court granted plaintiff's motion to remand. The case featured seven defendants, and one defendant filed a notice of removal that indicated that all of the other defendants consented to that action. Id. at * 1. None of the other defendants or their counsel signed the notice of removal, nor did they file other documents in support of the action. Id. Noting that "[o]ther courts in this district to consider the issue have held that a formal and timely consent is required and that representation by one defendant in a notice of removal that states that other defendants consent is not, in and of itself legally sufficient," the court ordered remand. Id.

Defendants insist that their case can be distinguished from Sovereign Bank

7

because only one attorney represented all of the defendants in the case, and therefore the court need not worry that the counsel filing the motion misrepresented the intentions of the parties who filed no individual notice of consent.  The Court in Sovereign Bank pointed out, however, that while "remanding this case to state court for a lack of a legally sufficient consent to the notice of removal may seem somewhat harsh, given that it appears that all necessary defendants did in fact consent in some manner to removal," the Third Circuit has concluded that "'the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Id. at * 2 (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 199)).  The Court in Sovereign Bank, then, explicitly recognized that the strict construction required in removal cases means that an improperly executed notice of removal, even when the court believes that all parties would have consented to removal, must lead to remand.

We agree with the plaintiff.  Litchey did not join in Deaton's notice of removal, though she had been served at the time of his filing.  The notice states that "the Defendant, ROGER DEATON, by and through his counsel, Vinsko & Associates . . . hereby moves for removal of the action described herein to the United States Court for the Middle District of Pennsylvania."  (Notice of Removal (Doc. 15) at 1). Nowhere in the notice of removal does defendant indicate that all parties consent to

8

removal, and Litchey's name is on the notice only as part of the case caption.[1]  We thus cannot construe the notice to represent that Litchey consented to removal, and this second removal was improper.

Therefore, neither notice of removal was proper in this case, and this court does not have jurisdiction to hear the action.  We will therefore grant the plaintiff's motion and order the case remanded to the Court of Common Pleas of Luzerne County, Pennsylvania.  An appropriate order follows.

---

[1] We reject defendants' argument that defense counsel's signature on the complaint, which indicated that he represented "defendants" shows that he was representing that Defendant Litchey approved of the removal.  By that logic, the original notice of removal, served for the plaintiffs both named and served in the complaint, should have sufficed for removal of all parties, and no second notice would have been necessary.  In any case, the notice of removal uses the singular "petitioner" to refer to the party bringing the notice of removal.  The strict attention to semantics urged by the defendants, then, would indicate that only one person–the person named as the party bringing the notice–sought to remove the case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLUE CROSS OF NORTHEASTERN PENNSYLVANIA,** | : | No. 3:07cv2138 |
| **Plaintiff** | : | (Judge Munley) |
| **v.** | : | |
| **NEW LIFE HOMECARE, GREGORY M. MALIA, ROGER DEATON, and DAWN LITCHEY,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 25th day of April 2008, the plaintiff's motions to remand (Docs. 4, 20) are granted. The Clerk of Court is directed to **REMAND** the case to the Court of Common Pleas of Luzerne County, Pennsylvania and to **CLOSE** the case in this jurisdiction.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**